290

JERRY DALE CULLUM v. THE STATE OF ARKANSAS

5317                                    424 S. W. 2d 523

Opinion delivered March 4, 1968

*Kenneth Coffelt,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst.
Atty. Gen., for appellee.

J. FRED JONES, Justice. On October 3, 1966, the appellant, Jerry Dale Cullum, was charged in an information filed by the prosecuting attorney of Saline County with petit larceny and burglary, consisting of burglarizing the home of Albro Taylor in Saline County and stealing a Texaco Credit Card. On October 13, 1966, he entered a plea of guilty in the Saline County Circuit Court and was sentenced to the state penitentiary for a period of two years under a commitment reciting that he had specifically and intelligently waived counsel. On August 10, 1967, he filed a motion in the Saline County Circuit Court praying that the sentence be vacated and set aside and that he be permitted to enter a plea of

not guilty to charges in the information, and that he be given a jury trial.

Appellant's motion was treated as a petition for relief under Criminal Procedure Rule No. 1, and he testified in support of his petition at a hearing granted by the Saline County Circuit Court. The trial court held that appellant had intelligently waived the benefit of counsel when he entered his plea of guilty and appellant's motion was overruled and his petition denied. On appeal to this court the appellant relies on the following points for reversal:

"The denial of the motion by the lower court violates defendant's legal and constitutional rights, because:

A. He was not represented by counsel when a plea was entered.

B. The plea was entered because of promises of reward and protection made to him by representatives of the state and prosecution which promises were relied on by the appellant, and which were not kept making the plea legally involuntary, and the trial court accepts the truth of this in its finding of facts.

C. Appellant says he is not guilty of the charge, and the trial court accepts the truth of his statement in the findings of fact."

The record reveals that appellant was on probation under a seven year suspended sentence from the Conway County Circuit Court on a felony charge of false pretense in connection with mortgaging his mother's cattle. While free under this suspended sentence, appellant purchased gasoline in Conway County on a credit card issued to Albro Taylor, a resident of Saline County. He was arrested at his home in Van Buren County

by the state police and was subsequently charged in Conway County with the unlawful use of the credit card, and in Saline County with obtaining it through burglary and larceny committed in that county.

Following appellant's plea of guilty and sentence in the Saline County Circuit Court, he was returned to Conway County where the charge on the unlawful use of the credit card was dismissed, but the suspension of the seven year sentence on the false pretense charge was revoked and he was committed to the penitentiary to serve the two year sentence from Saline County concurrently with the seven year sentence from Conway County.

The appellant's testimony was the only evidence offered at the hearing on the Rule 1 petition, and as to the promises made to him in connection with his plea of guilty, he testified as follows:

"Q. What did they tell you about the case at Morrilton? I am talking about the credit card case?

A. They told me they would give me two years on it and they was supposed to give me two years at Benton and run them concurrent and I would have to go for eight months.

Q. The agreement, so to speak, between you and the Prosecuting Attorney and Mitchell at Morrilton was you was to enter a plea to the credit card case there?

A. Yes.

Q. And come down here and enter a plea in this case here?

A. Yes.

Q. And they said you would get two years on each count and they would run concurrent?

A. Yes.

Q. And you would get out in how long?

A. Eight months.

Q. Now then, what if anything did Mitchell and the Prosecuting Attorney at Morrilton say to you with reference to the seven year sentence which you was already under by reason of a probationary sentence in the false pretense case?

A. As I said, Bill Mitchell called the Prosecuting Attorney. He got my record and brought it up there and he said, 'This won't even be brought up. This we will just forget that.'

       *    *    *

Q. Was that what induced you to come down here and enter the plea in Saline County?

A. Yes. He told me if I took it to court and everything, the seven years would be provoked [sic.] He couldn't keep it from being provoked [sic].

Q. If you would get that out of the way by a plea, the seven years wouldn't be bothered?

A. Yes, sir.

Q. You say Mitchell and the Prosecuting Attorney both told you that?

A. Yes, sir.

Q. Was it on that promise you came down and entered a plea of guilty in this Court?

> A. Yes, sir. It was set up before I arrived at Benton.''

At the close of the hearing, the trial court denied the petition of appellant's motion upon the following findings of fact:

> "On the basis of his testimony, and I am going to consider everything he said is the truth, except for the fact he testified that I didn't offer to appoint counsel for him, and I am not considering that point because I know I did. I am going to consider every word he said is the truth, and I am saying no constitutional right of his has been violated in this case.''

The trial court's finding to the effect that appellant waived the benefit of counsel is sustained by the evidence. The commitment recites this fact, the appellant heard the court advise other defendants as to their right to counsel, but didn't hear the court so advise him. The trial judge did remember that he did so advise the appellant, and his holding on this point is not error.

The prejudicial error occurred in this case before appellant was represented by counsel and before he was advised of his right to counsel. The error lies in what appellant says was told to him by the state police officer, Bill Mitchell, who arrested him, and by the prosecuting attorney of Conway County after a telephone conversation with the prosecuting attorney of Saline County, before he was ever arraigned on the charges either in Conway County or in Saline County. Appellant testified that "they told me they would give me two years at Benton and run them concurrent and I would have to go just for eight months. ***He told me if I took it to court and everything, the seven years would be provoked [sic]. He couldn't keep it from being provoked [sic].''

It does not appear from the record that the trial judge of the Saline County Circuit Court or the trial

judge of the Conway County Circuit Court knew any-thing at all of the arrangement between the arresting officer, the appellant, and the prosecuting attorneys until after the pleas of guilty were entered and sentence imposed in the Saline County Circuit Court. Appellant testified that he was not guilty of charges in Saline County and that he only entered his plea of guilty in that county in order to avoid the revocation of the seven year suspended sentence in Conway County, which the arresting officer could not prevent in the event he stood trial. In other words, appellant was trading the revocation of a seven year sentence in Conway County for a two year sentence from Saline County, and if appellant testified truthfully as to these promises and his reliance thereon, his plea of guilty was not voluntary. The testimony of the appellant on this point was not controverted or impeached by the state and the trial court accepted it as true. Apparently the trial court was under the impression that the promises made to appellant by the arresting officer all related only to the charges filed against him in Conway County. We do not so interpret the record.

Appellant testified that he was promised by the state police officer and by the prosecuting attorney of Conway County, after a telephone conversation with the prosecuting attorney of Saline County, that if he would enter pleas of guilty to the charges in both Saline County and Conway County, he would receive two year sentences on each of these charges, to run concurrently with each other, and that the suspension of the previous seven year sentence would not be revoked. Appellant testified further that he relied upon this agreement and was thereby induced to enter a plea of guilty to crimes which he says he did not commit in order to avoid revocation of the seven year suspended sentence. Although the appellant named the officers who made the promises upon which he says he relied, his testimony was not controverted. Accepting the appellant's testimony as true as the trial court did, and as we must do on the record here,

we conclude that appellant's plea of guilty was not voluntary and that the trial court should have vacated the sentence thereunder and granted the appellant a trial on the charges against him.

We are of the opinion that the order of the trial court should be reversed on appellant's point "B" and that appellant should be granted a trial on the charges of burglary and petit larceny. We find no merit in appellant's points "A" and "C".

Reversed and remanded.

BROWN and FOGLEMAN, JJ., dissent in part.

JOHN A. FOGLEMAN, Justice, dissenting. I agree that this case must be reversed and remanded. I do not agree that it is necessary that a new trial be granted to appellant automatically upon remand. After appellant testified, the trial court disposed of this case on its own motion, much as if the matter were before it on a demurrer to evidence. Appellant had corroborating witnesses to offer. The state was not given any opportunity to offer testimony contradicting appellant. The State of Arkansas, as a party in these cases, is not just the prosecuting attorney and the law enforcement officers. It is the people of the state. They, too, are entitled to a day in court. I would remand this case with directions that the State of Arkansas have the option of further hearing on the motion or a new trial. If the state elected further consideration of the motion, then appellant should be first permitted to offer any other competent evidence he desires, after which the state should offer its evidence.

I am authorized to state that Brown, J., joins in this dissent.